UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CR-0100-CVE |
| ) | (Civil No. 23-CV-0016-CVE-CDL) |
| LLOYD RANDALL TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant Lloyd Randall Taylor's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 35). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Plaintiff has filed a motion to dismiss (Dkt. # 38) defendant's motion as time barred, and defendant filed a response to the motion (Dkt. # 39).

I.

On August 10, 2016, a magistrate judge signed a criminal complaint charging defendant with Aggravated Sexual Abuse of a Minor in Indian Country pursuant to 18 U.S.C. §§ 1151, 1153, 2241(c) and 2246(2)(B),(C), and (D), which carries a thirty-year statutory mandatory minimum sentence. Dkt. # 1. On August 11, 2016, Scott Alan Graham, an assistant federal public defender, was appointed to represent defendant. Dkt. # 6. On August 29, 2016, defendant was charged by information with Abusive Sexual Contact of a Minor Under 12 Years of Age pursuant to 18 U.S.C.

§§ 1151, 1153, and 2244(a)(5), which carries no mandatory minimum sentence. On August 31, 2016, defendant waived his right to proceed by indictment and consented to proceed by information, and together with plaintiff requested a change of plea hearing. Dkt. # 14, 15. The parties negotiated a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), under which defendant would receive a sentence of 180 months if he pled guilty to the charge in the information. Dkt. # 19. Defendant admitted to the following facts in the plea agreement:

> I, Lloyd Randall Taylor, admit that sometime from in or about May to July of 2016, at my residence in Pryor, [Oklahoma], which is located in Indian Country, I touched B.S., a minor age 11, on her genitalia. I intentionally touched B.S. for my own sexual desire. I am a member of the Cherokee Nation and therefore am an Indian person.

Dkt. # 19, at 6. Defendant agreed to relinquish certain constitutional rights, including his right to plead not guilty, right to a jury trial, and right to directly appeal his conviction or sentence. Id. at 2. The parties stipulated to the following facts:

> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of 15 years. The agreed-upon sentence may depart from the anticipated guideline calculation. An upward departure is reasonable based on the aggravated nature of the sexual contact and the [plaintiff's] agreement not to file additional criminal charges which would result in a mandatory minimum sentence. This agreement allows closure for the victim without the need for her to testify, and provides the defendant with a fair sentence.

Dkt. # 19, at 11. In his written petition to enter his plea of guilty, defendant affirmed again that:

> Sometime between May 2016 and July 2016, at my residence in Pryor, Oklahoma, which is located in Indian Country within the Northern District of Oklahoma, I touched B.S., a minor age 11, on her genitalia. I intentionally touched B.S. for my own sexual desire. I am a member of the Cherokee Nation and therefore I am an Indian person.

Dkt. # 21, at 2. Graham certified that he had explained the advisory sentencing guidelines to defendant, and that defendant entered his plea voluntarily. Id. at 6. Defendant stated in his written petition that he was satisfied with the advice of his counsel. Id. at 4.

On September 8, 2016, defendant appeared with counsel for the change of plea hearing, and Graham advised the Court that defendant intended to plea guilty, pursuant to the plea agreement, to the one count information. Dkt. # 19, 26. In the hearing, defendant stated under oath that he was apprised of his constitutional rights. After explaining the waiver of his appellate and post-conviction rights, along with his rights to a jury trial, the Court reiterated to the defendant that the maximum sentence that could be imposed for his crime was life imprisonment. Defendant acknowledged that he understood the consequences of pleading guilty and verified that he had assistance from counsel when he entered the plea agreement, signed the petition, and consented to the original information. The Court asked defendant if he was fully satisfied with Graham's advice, to which defendant affirmed he was. The Court then asked defendant to state in his own words what he did, and defendant admitted to the essential elements of the charged offense. The Court read the information to defendant and told defendant the elements of the offense that plaintiff would have to prove if the case proceeded to trial. Plaintiff's counsel made a representation of the facts that it would be prepared to prove at trial, including witness statements that defendant sexually abused B.S. multiple times in Pryor, Oklahoma in May and July of 2016. Plaintiff would also have been prepared to offer evidence of defendant's own confession to federal agents. The Court accepted defendant's guilty plea and found that defendant's plea was knowing and voluntary. Defendant's sentencing hearing was set for December 12, 2016.

The probation office prepared a presentence investigation report (PSR), which determined that the base offense level for an offense under 18 U.S.C. § 2244(a)(5) was 30. Defendant received a four level enhancement because the victim had not attained twelve years of age, and a two level enhancement because the victim was in the custody, care, or supervisory control of the defendant.

Specifically, defendant had a dating relationship with the victim's mother, resided with the victim, and requested the victim to refer to him as "dad." After a three level reduction for defendant's acceptance of responsibility, the total offense level was 33. Defendant had a criminal history category of II. The advisory guideline range for defendant's offense was 151 to 188 months. On December 12, 2016, defendant was sentenced to the stipulated term of imprisonment of 180 months, followed by 7 years of supervised release, and the Court entered judgment. Dkt. # 26, at 2, 3. As part of the mandatory conditions of his supervised release, defendant was ordered to "comply with the requirements of the Sex Offender Registry and Notification Act (SORNA)[] as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where [he] reside[s], work[s], [is] a student, or [was] convicted of a qualifying offense." Id. at 3.

Defendant did not appeal his conviction. Defendant's conviction became final on December 27, 2016,[1] when his deadline to file a notice of appeal expired. On March 4, 2021, defendant filed a motion for compassionate release, which this Court denied on June 15, 2021. See Dkt. # 29, 33. Defendant, proceeding pro se, then petitioned the Tenth Circuit Court of Appeals for authorization to file a second or successive 28 U.S.C. § 2255 motion, which the circuit court denied because defendant had not yet filed a first § 2255 motion. Dkt. # 34. On January 11, 2023, defendant filed a § 2255 motion in this Court claiming that he is actually innocent of the sexual abuse, and that his counsel was ineffective during his plea negotiations. Dkt. # 35, at 4, 5. In support of his claim of

---

[1]  Plaintiff claims defendant's time for appeal expired on December 29, 2016. The Court does not know how plaintiff arrived at that date, since pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), defendant's notice for appeal expired fourteen days after the Court entered judgment on December 12, 2016. Defendant's time to appeal would have expired on December 27, 2016, due to the Court's closure on December 26, 2016 for the Christmas holiday. In any event, defendant's motion still comes nearly six years after this Court entered final judgment, and is untimely.

4

actual innocence, defendant attached as an exhibit a July 15, 2022, decision issued by the Kansas Department of Children and Families (DCF), that a report of abuse dated May 31, 2022 was unsubstantiated because the alleged sexual abuse did not meet the legal definition of sexual abuse under the Kansas Administrative Regulations (KAR).[2] Id. at 18-19. On February 17, 2023, plaintiff filed the instant motion to dismiss defendant's § 2255 motion, arguing that his motion was filed more than one year after his conviction became final, and that this DCF decision did not warrant tolling the one-year statute of limitations. Dkt. # 38, at 3-6. On April 12, 2023, defendant filed a response affirming his original claims, and additionally requested this Court to appoint him legal counsel.[3] Dkt. # 39, at 1-3.

---

[2] The DCF decision stated that "the facts and circumstances did not support an affirmed or substantiated finding" of sexual abuse by a preponderance of evidence, because the abuse "did not meet the legal definition of [s]exual [a]buse by KAR definition." Dkt. # 35, at 18. It then defined "[s]exual [a]buse" as "any contact or interaction with a child in which the child is being used for the sexual stimulation of the perpetrator, the child, or another person. [s]exual [a]buse shall include, but is not limited to, allowing, permitting, or encouraging a child to: (a) be photographed, filmed, or depicted in obscene or pornographic material; or (b) be subjected to aggravated human trafficking, as defined in K.S.A. 2015 Supp. 21-5426(b), and amendments hereto, if committed in whole or in part for the purpose of the sexual gratification of the offender or another or be subjected to an act which would constitute conduct proscribed by article 55 of chapter 21 of the Kansas Statutes Annotated or K.S.A. 2015 Supp. 21-6416 or 21-6422, and amendments thereto." Id. at 18-19.

[3] The Court finds that the issues raised in defendant's motion do not warrant an evidentiary hearing, and finds that the appointment of counsel is not necessary to assist defendant in this case. United States v. Maxwell, 184 F. App'x 708, 710 (10th Cir. 2006) ("Section 3006A(a) allows for the appointment of counsel for a litigant seeking relief under §§ 2241, 2254, or 2255 when the interests of justice so require and such person is financially unable to obtain adequate representation.") (internal quotations omitted). This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

5

**II.**

Section 2255 motions are subject to a one-year statute of limitations, which run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Defendant's § 2255 motion was filed nearly six years after his conviction, well exceeding the one-year statute of limitations under § 2255(f)(1).[4] Defendant argues, however, that the statute of limitations should either be equitably tolled due to his claim of actual innocence or statutorily tolled under § 2255(f)(4).[5] Dkt. # 35.

---

[4]   Even if the Court were to deem the filing date of the motion as of the filing date of defendant's "successive" § 2255 petition to the Tenth Circuit, November 10, 2022, that five-year time period would run afoul of the statute of limitations.

[5]   In his pro se motion, defendant wrote that "[t]his motion is timely[:] 28 U.S.C. § 2255(2)(4)" ostensibly relying on § 2255(f)(2) and § 2255(f)(4) to indicate from when the statute of limitations should run. Defendant, however, does not elaborate on how § 2255(f)(2) applies to the instant case and has not alleged facts nor legal claims demonstrating that an unconstitutional practice prohibited him from moving to vacate his sentence. See U.S. v. Sheridan, 561 F. App'x 689, 691-92 (10th Cir. 2014) (noting that in order to toll the statute of limitations under § 2255(f)(2), a defendant must explain how an alleged unconstitutional government practice prohibited him from accessing the court to challenge his sentence).

The Supreme Court has held that a convincing claim of actual innocence based on new evidence could permit a federal district court to entertain an untimely first motion under 28 U.S.C. § 2244, in the interests of avoiding a miscarriage of justice. McQuiggin v. Perkins, 569 U.S. 383, 397-98 (2016). The Tenth Circuit has applied that reasoning to consider untimely § 2255 motions. See United States v. Bowen, 936 F.3d 1091, 1097 n.2, 1098 (10th Cir. 2019); see also U.S. v. Cervini, 379 F.3d 987, 991-93 (10th Cir. 2004) (finding that the "incarceration of one actually innocent of the crime . . . constitutes a grave miscarriage of justice," and can overcome a procedural bar of a § 2255 motion) (cleaned up). "Actual innocence is not an easy showing to make, requiring a [defendant] to present new reliable evidence that is powerful enough to convince a court that no reasonable juror would have voted to convict." Fisher v. Pacheco, No. 21-8070, 2022 WL 420480, at *1 (10th Cir. Feb. 11, 2022) (citing Cervini, 379 F.3d at 992-93) (internal quotations omitted). Equitable tolling of the statute of limitations "is rare and will 'only be applied in the extraordinary case.'" Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)).

The Court finds that no miscarriage of justice will result if defendant's motion is dismissed as time barred. When reviewing a claim of actual innocence, a court may consider whether the defendant pled guilty and admitted to the essential elements of the charged offense. United States v. McAbee, 685 F. App'x 682, 685-86 (10th Cir. 2017). Defendant admitted to the essential elements in his plea agreement, and admitted that he "touched B.S., a minor age 11, on her genitalia . . . for [his] own sexual desire." Dkt. # 19, at 6. Defendant's motion focuses on the 2022 DCF decision and his counsel's ineffectiveness during plea negotiations. Dkt. # 35, at 13-14. In particular, he claims that he had repeatedly informed counsel of his innocence, and his counsel

7

coerced and intimidated him into entering a plea of guilty. Id. at 4, 14. He also claims that "[c]ounsel was ineffective during the plea phase, pretrial and sentencing phase because [c]ounsel failed to investigate, procure and provide documents." Id. at 4. Defendant argues that if his counsel had "procured vital documents," he would not have entered a plea of guilty. He attaches the DCF decision to support these claims. Dkt. # 35, at 14, 16.

To establish actual innocence, defendant must show that he is factually innocent of the charged offense, not merely that he may have had a legal defense to some aspect of the criminal charge. Bousley v. United States, 523 U.S. 614, 623 (1998). Even if defendant had a claim based on factual innocence, he must show that he is relying on new evidence that was not previously available to him. Hale v. Fox, 829 F.3d 1162, 1171 (10th Cir. 2016). The DCF decision does not lend factual support for defendant's § 2255 motion because it has no bearing on defendant's federal conviction for sexual abuse. DCF is a Kansas administrative agency that is required by Kansas state law to investigate reports of child abuse or neglect that take place in the state of Kansas. Aziz v. Kansas Dep't for Child. & Fams., 474 P.3d 1266, 2020 WL 6533270, at *2 (Kan. Ct. App. 2020); K.S.A. 38-2226. "Moreover, DCF must determine whether the allegations in a particular report are substantiated and, if so, take appropriate action to protect the child," including placing substantiated perpetrators on their Child Abuse and Neglect Registry. Aziz, 2020 WL 6533270, at *2. DCF's registry is distinct from the Kansas Sex Offender Registration Act (KSORA), which requires the registration of convicted sex offenders–defined as any person convicted of any sexually violent crime, including those committed in federal jurisdiction–if they reside or intend to reside in the state of Kansas. See K.S.A. 22-4901, K.S.A. 22-4902, K.S.A. 22-4905. KSORA complies with the federal SORNA, which "requires sex offenders to register, and keep the registration current, in each

jurisdiction where the offender resides." United States v. Forster, 549 F. App'x 757, 760 (10th Cir. 2013). The DCF decision does not impact defendant's obligation to register under SORNA and Kansas state law upon his release from prison. More importantly, defendant's reliance on the DCF decision does not lend support for defendant's claim of actual innocence on a legal or factual basis. Nothing in his motion calls into question his own admission of the essential facts of the charged offense that occurred in the federal territorial jurisdiction in Oklahoma, and defendant has not made any other factual allegations to support that he is actually innocent of his federal conviction.

Defendant alternatively asserts that his motion is timely and indicates that the statute of limitations should run not from 28 U.S.C. § 2255(f)(1) but (f)(4)–"the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); Dkt. # 35, at 10. To establish that his § 2255 motion is timely, defendant must do more than state that he learned of new information at some unspecified date and then filed a § 2255 motion. Instead, defendant must show that he exercised due diligence in attempting to gather new evidence and that he filed his § 2255 motion within one year of the date from which the facts could be discovered. Defendant cannot rely on the DCF decision to support that his alleged innocence could have been discovered through the exercise of due diligence, because this decision has no bearing on defendant's federal conviction of sexual abuse in Indian country in Oklahoma. As to his claim of ineffective assistance of counsel, defendant advances no recently discovered facts that can support his claim. "It was apparent that the facts necessary to support the ineffective assistance of counsel claim were known or could have been discovered through the exercise of due diligence" within the year after his conviction was final. United States v. Rojas-Alvarado, 707 F. App'x 525, 526-27 (10th Cir. 2017) (quoting the district court's finding). Any

claim regarding his counsel's ineffectiveness could have been raised in the year following defendant's conviction, and defendant cannot allege any newly discovered facts that would lead this Court to conclude that there exists a legally sufficient basis to toll the statute of limitations.[6]  See United States v. Crawford, 564 F. App'x 380, 383 (10th Cir. 2014) ("Because Ms. Crawford knew of the facts (the alleged police misconduct) giving rise to her § 2255 motion prior to her conviction, yet fails to offer any legally sufficient explanation for her failure to challenge her conviction within the relevant statutory limitations period, her motion was untimely.")  The Court has considered the claims raised in defendant's § 2255 motion and finds that his motion should be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss untimely § 2255 motion (Dkt # 38) is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 35) is **dismissed as time-barred**. A separate judgment of dismissal is entered herewith.

**DATED** this 28th day of September, 2023.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[6]  Assuming, *arguendo*, that this motion was timely, under Strickland, defendant must show that his counsel's "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). A court's "review of counsel's performance in negotiating a plea agreement is 'highly deferential' and [the court] must apply a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Smith, 852 F. App'x 318, 323 (10th Cir. 2021) (quoting Knowles v. Mirzavance, 556 U.S. 111, 124 (2009)). Defendant has failed to allege what specific documents counsel could have procured or how counsel coerced him to accept a plea deal for a crime that defendant himself admitted to federal agents he committed. In fact, defendant's counsel negotiated a plea agreement that reduced defendant's term of imprisonment from a 30-year mandatory minimum to 15 years.